IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| CHARLES A. CROSS | § | |
| VS. | § | CIVIL ACTION NO. 1:10-CV-192 |
| STATE OF TEXAS, ET AL. | § | |

MEMORANDUM OPINION REGARDING TRANSFER

Petitioner Charles A. Cross, an inmate confined at the Northwest Florida Reception Center in Chipley, Florida, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Title 28 U.S.C. § 2254(a) allows a district court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state prisoner is required to file his federal petition for writ of habeas corpus either in the district where the prisoner is incarcerated or the district where the prisoner was convicted and sentenced. 28 U.S.C. § 2241(d). Although both district courts have jurisdiction to entertain the application, "[t]he district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination." *Id.*

Petitioner is confined in Florida. He was convicted and sentenced in Escambia County, Florida, which is located in the Northern District of Florida. Therefore, this court lacks jurisdiction to consider the petition.[1]

The court has considered the circumstances and has determined that the interest of justice would best be served if this petition were transferred to the United States District Court for the Northern District of Florida for hearing and determination. An order so providing will be entered by the undersigned.

**SIGNED** this   9   day of          April         , 2010.

_____
EARL S. HINES
UNITED STATES MAGISTRATE JUDGE

---

[1] In addition to challenging his conviction, petitioner claims that he should not have been extradited from Texas to Florida. An individual has a right to challenge his extradition in federal court by writ of habeas corpus before he is extradited from the asylum state. *Crumley v. Snead*, 620 F.2d 481, 483 (5th Cir. 1980); *Edwards v. Bowles*, 115 Fed.Appx. 208, 2004 WL 2914030 (5th Cir. 2004). Petitioner may not challenge his extradition in the asylum state after he is extradited.