IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHARLES A. CROSS,
     Petitioner,

v.                               Case No.  5:10cv110/RS/CJK

MICHAEL D. CREWS,[1]
     Respondent.

_____

## ORDER and
## REPORT AND RECOMMENDATION

     Before the Court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. 1). Respondent filed an answer (doc. 56), submitting relevant portions of the state court record (docs. 57-60). Petitioner replied (doc. 77) and moves to expand the record (doc. 78). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration of all issues raised by petitioner, the undersigned concludes that no evidentiary hearing or expansion of the record is required for the disposition of this matter. Rules 7, 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned further concludes that the pleadings and attachments before the Court show that petitioner

_____

[1]Michael D. Crews succeeded Kenneth S. Tucker as Secretary of the Florida Department of Corrections, and is automatically substituted as the respondent. Fed.R.Civ.P. 25(d).

is not entitled to federal habeas relief, and that the petition should be denied.

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner initiated this habeas corpus proceeding in March of 2010, while in the custody of the Florida Department of Corrections confined at the Northwest Florida Reception Center. (Doc. 1). Petitioner has since been released. Petitioner is seeking relief from two criminal judgments entered in the Circuit Court for Escambia County, Florida. The first judgment involves Case Number 06-CF-4235, in which petitioner was convicted of one count of grand theft and one count of contracting without a license. The second judgment involves Case Number 06-CF-6297, in which petitioner was convicted of one count of grand theft. The procedural history of each case follows.

Escambia County Circuit Court Case Number 06-CF-4235 (the "O'Dell Case")

On August 29, 2006, petitioner was charged in Escambia County Circuit Court Case Number 06-CF-4235 with six counts, as follows: one count of Grand Theft Of Over $20,000 But Less Than $100,000 (Count 1); three counts of Contracting Without A License During A State Of Emergency (Counts 2, 4 and 6); one count of Grand Theft Of More Than $5,000 But Less Than $10,000 (Count 3); and Grand Theft Of $10,000 Or More But Less Than $20,000 (Count 5). (Doc. 57, Ex. A, pp. 1-2).[2] The victims as to Count 1 were Jeff and Lisa O'Dell, with the grand theft having occurred on or about November 30, 2004. (*Id*., p. 1). The offense described in Count 2 also occurred on or about November 30, 2004. (*Id*.). The State nolle prossed Counts 3-6 on June 11, 2007. (Doc. 60, Ex. O, p. 316, Doc. 57, Ex. B, p. 201).

---

[2]References to page numbers of exhibits are to the Bates stamp number.

On June 8, 2007, prior to trial, the trial court held a *Nelson*[3] hearing to address petitioner's complaints about his court-appointed counsel, Ms. Alverson. (Doc. 58, Ex. E). The trial court took the matter under advisement (*id*., p. 292) and, on June 11, 2007, ruled that there was not cause to believe defense counsel was rendering ineffective assistance. (*See* Doc. 60, Ex. O, p. 296).[4] Petitioner chose to discharge his court-appointed counsel and asked to proceed *pro se*. (*See id*., pp. 297-04). At a hearing held on June 11, 2007, the trial court conducted an inquiry under *Faretta v. California*, 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975), and determined that petitioner's waiver of his right to counsel was knowing and voluntary. (*Id*., pp. 304-33). The trial court appointed petitioner standby counsel (Ms. Alverson). (*Id*., pp. 328, 341). At the close of the June 11, 2007 hearing, petitioner filed, *pro se*, a state petition for writ of habeas corpus. (Doc. 60, Ex. O, pp. 328, 340-41 (copy of petition at Doc. 57, Ex. A, pp. 32-58)). The petition was denied on June 15, 2007. (Doc. 57, Ex. A, pp. 140-42).

Petitioner went to trial and, on August 3, 2007, was found guilty by jury verdict

---

[3]*Nelson v. State*, 274 So.2d 256 (Fla. 4th DCA 1973). If a defendant, before commencement of trial, requests discharge of his court-appointed counsel, the trial judge should make an inquiry of the defendant as to the reason for the request and, if incompetency of counsel is assigned as the reason, make a sufficient inquiry of the defendant and his appointed counsel to determine whether there is cause to believe that counsel is not rendering effective assistance. If reasonable cause for such belief appears, the trial judge should make a finding to that effect on the record and appoint substitute counsel who should be allowed adequate time to prepare a defense, but if no reasonable basis for such belief appears, the trial judge should so state on the record and advise the defendant that if he discharges his original counsel the State may not thereafter be required to appoint a substitute.

[4]Although the transcript bears only Case Number 06-CF-6297, the hearing also encompassed Case Number 06-CF-4235. The judge, prosecutor and defense counsel refer to Case Number 06-CF-4235 as the "O'Dell case." (Doc. 60, Ex. O, pp. 332-33).

of Count 1 as charged (Theft Of Property Valued At $20,000 Or More But Less Than $100,000), and of the lesser included offense of Contracting Without A License on Count 2. (Doc. 57, Ex. B, p. 189). Petitioner was adjudicated guilty and sentenced on Count 1 to forty-two months imprisonment followed by ten years probation. (*Id.*, pp. 195-201). Petitioner was sentenced on Count 2 to one year in the county jail, to run concurrently with the sentence imposed on Count 1, with 236 days of jail credit. (*Id.*). The sentencing court ordered that both sentences run consecutive to the sentences imposed in Case Number 06-CF-6297. (*Id.*, p. 201). Petitioner directly appealed his judgment of conviction and sentence.

Escambia County Circuit Court Case Number 06-CF-6297 (the "Atwell case")

On December 29, 2006, petitioner was charged in Case Number 06-CF-6297 with one count of Grand Theft Of $5,000 Or More But Less Than $10,000. (Doc. 59, Ex. L, p. 1). The victim was George W. Atwell. (*Id.*).

On March 26, 2007, prior to trial, petitioner complained about the services of his court-appointed attorney (Ms. Alverson), but ultimately determined that he did not want a *Nelson* hearing and wanted her to continue her representation. (Doc. 60, Ex. N, pp. 111-124).

Petitioner went to trial and, on March 29, 2007, was found guilty by jury verdict of Grand Theft Of $5,000 Or More But Less Than $10,000, as charged in Count 1. (Doc. 59, Ex. L, pp. 25-26). Petitioner was adjudicated guilty and sentenced on April 23, 2007, to five years imprisonment with the provision that after serving eighteen months in state prison, the balance of petitioner's sentence would be suspended and petitioner would be placed on probation for thirty-six months. (Doc. 59, Ex. L, p. 80; Doc. 60, Ex. L, pp. 91-97).

On July 11, 2007, petitioner filed a *pro se* Motion for Correction, Reduction, and Modification of Sentence under Florida Rule of Criminal Procedure 3.800. (Doc. 60, Ex. P, pp. 181-83). On August 6, 2007, the trial court ordered that petitioner's motion be stricken "as unauthorized and without legal effect" because petitioner was represented by counsel. (*Id*., pp. 184-85).

On May 23, 2008, petitioner filed a counseled Motion to Correct Sentencing Error under Florida Rule of Criminal Procedure 3.800(b)(2) in both Case Number 06-CF-6297 and Case Number 06-CR-4235. (Doc. 60, Ex. R. pp. 430-67). Petitioner argued that he was entitled to an additional 117 days of jail credit in Case Number 06-4235, and that he was entitled to an additional 119 days of jail credit in Case Number 06-6297. (*Id*.). The trial court denied the motion on June 19, 2008. (*Id*., pp. 468-69).

Petitioner directly appealed his judgment of conviction and sentence.

Petitioner's Direct Appeal

Petitioner's direct appeal of the judgment in Case Number 06-CF-6297 was assigned Case Number 1D07-2564 in the Florida First District Court of Appeal ("First DCA"). Petitioner's direct appeal of the judgment in Case Number 06-CF-4235 was assigned First DCA Case Number 1D07-4757. On February 5, 2008, the First DCA consolidated petitioner's appeals for purposes of briefing and judicial assignment, but ordered that the record on each appeal remain separate. (Doc. 60, Ex. U). Petitioner's appellate counsel filed an *Anders* brief. (Doc. 60, Ex. V). Petitioner was given the opportunity to file a *pro se* brief. (Doc. 60, Ex. X). Petitioner did not file a *pro se* brief. (Doc. 60, Ex. Y). Petitioner's judgments of conviction and sentences were affirmed, per curiam and without written opinion, on March 4, 2009. *Cross v. State*, 4 So. 3d 1223 (Fla. 1st DCA 2009) (Table) (copy at Doc. 60, Ex. AA).

Federal Habeas Proceeding

Petitioner commenced this § 2254 proceeding on March 26, 2010, by filing his federal habeas petition in the United States District Court for the Eastern District of Texas. (Doc. 1). The proceeding was transferred to this Court on April 12, 2010. (Docs. 4, 5). The petition presents the following claims and sub-claims:

Ground 1:  Newly discovered evidence shows that petitioner's extradition from Texas to Florida was based on a fraudulent affidavit.

Ground 2:  Petitioner was denied effective assistance of counsel due to a conflict of interest (occasioned by counsel's personal conflicts with petitioner and counsel's pending application for employment with the State Attorney's Office). As a result, petitioner was prejudiced in that counsel refused to subpoena petitioner's proposed defense witnesses, failed to preserve trial court errors for appeal, failed to object to the State's attack on petitioner's character during opening and closing statements, and failed to object to prejudicial jury instructions.

Ground 3:  Petitioner was denied due process when: (1) the prosecutor failed to disclose evidence favorable to the defense until the day of trial, refused to meet with petitioner or advise him of the specifics of the charges, prosecuted a civil complaint to collect money, presented perjured testimony, and subpoenaed witnesses for deposition after the speedy trial deadline expired, and (2) the jail denied petitioner access to certain legal materials. Petitioner further asserts the "Florida Aid Law" is unconstitutional.

Ground 4:  The Florida First District Court of Appeals' procedures and policies denied petitioner due process on direct appeal.

(Doc. 1, pp. 6-7). Respondent asserts that petitioner is not entitled to federal habeas relief on any of his claims, because the claims are insufficiently pled and fail to state a claim upon which federal habeas relief can be granted. (Doc. 56). Respondent

further asserts that petitioner's claims are procedurally defaulted, because petitioner failed to present them to the state courts in his direct appeal or in a postconviction or collateral review proceeding.  (*Id.*).

## DISCUSSION

Ground One          "Fraud Upon The Court - New Evidence Shows Claimant Perjury.  See Post Trial Pro Se Deposition Of Complaining Witness Shows TX. Governor Was Deceived By Fraudulent Affidavit For Extradition Of Texas Citizen.  Charges Were An Evil Co-Conspiracy To Extort Refunds From 'Rich' Contractor.  See Ex A-1 & A-2 & A-3."  (Doc. 1, p. 6).

The Court construes petitioner's claim as challenging petitioner's extradition from Texas to Florida on the grounds that newly discovered evidence shows petitioner's extradition was procured by a fraudulent affidavit.  Petitioner alleges in support of this claim that George Atwell conspired to kidnap petitioner from Texas as part of a hate crime.  Petitioner asserts that Mr. Atwell fraudulently portrayed petitioner as "a member of a 'criminal class' of 'out of town contractors' and 'a fugitive from justice'" by filing charges against petitioner and kidnapping petitioner for the purpose of extorting $9,210 from him.  Petitioner asserts that Mr. Atwell was motivated to make allegedly fraudulent claims against petitioner by Atwell's "rage" at petitioner and his employer because they refused to assist Atwell in defrauding Atwell's insurance company, Atwell's mortgage company, the city, and Atwell's former wife and children. (Doc. 1, p. 6).  Petitioner asserts that the O'Dells were co-conspirators with Atwell.  (*Id.*).  Petitioner asserts that he has newly discovered evidence of Mr. Atwell's fraud and perjury in the form of a "post trial pro se deposition" of Mr. Atwell.  Petitioner cites to Exhibits A-1, A-2 and A-3 attached to his petition, as well as to Exhibits A-4, A-5 and B-4.

Exhibit A-1 to the petition is purportedly a note dated January 19, 2006, addressed to Detective Chris McBrayer of the Pensacola Police Department from George Atwell. The subject of the note is "Charles Cross." The note states "Have located Cross in Beaumont, TX – Taken out 6 business/fictitious name permits – copies enclosed. Page 1 is copy of his signature used in front of me here in PNS. Please call me @ Home [redacted]. NEED WARRANT."

Exhibit A-2 to the petition is a printout of a public records search of "Charles Cross" in the database of the Jefferson County Clerk of Court's Office in Texas.

Exhibit A-3 to the petition is an "Exhibit Space Holder" which petitioner states will be substituted with an original fax from George Atwell containing Atwell's alleged "false declaration to government official during active proceedings."

Exhibit A-4 to the petition is an Engagement Letter dated August 23, 2005, written by Melissa Posey, Esquire to Lisa and Jeffrey O'Dell. The letter indicates that the O'Dells engaged Posey to represent them regarding the O'Dells' "insurance dispute concerning the leased premises." The letter indicates the terms of representation and fees.

Exhibits A-5 is a property damage release executed by the O'Dells releasing Fire Safe Exterior, Nationwide Mutual Fire Insurance Company and their agents and assigns in exchange for a $28,000 payment.

Exhibit B-4 is a Notice of Discovery (demand for discovery) filed by Assistant Public Defender Cheryl Gooden in Case Number 06-CF-6297.

Respondent asserts that petitioner is not entitled to federal habeas relief, because petitioner's claim is insufficiently pled and fails to state a claim upon which federal habeas relief can be granted. (Doc. 56, pp. 16, 20-21). Respondent further

asserts that petitioner's claim is procedurally defaulted, because petitioner never presented his claim of newly discovered evidence (based on the alleged *pro se* deposition of George Atwell) relating to extradition to the state court. Respondent argues that to the extent petitioner challenged his extradition in the state habeas petition filed in Case Number 06-CF-4235, that does not constitute proper exhaustion, because petitioner failed to appeal the denial of habeas relief. (*Id*., pp. 18-20).

Petitioner replies by arguing the merits of his claim. (Doc. 77, pp. 29-100). Petitioner seeks to expand the record "to include, new and state withheld, discovered evidence that documents the fact that petitioner's extradition from Texas to Florida was based on a fraudulent affidavit." (Doc. 78, p. 1).

It is unnecessary to resolve the exhaustion question, because petitioner's challenge to the legality of his extradition from Texas to Florida does not provide a basis for federal habeas relief. *See Harden v. Pataki*, 320 F.3d 1289, 1299 (11th Cir. 2003) (noting that upon extradition, federal habeas corpus is no longer available for a petitioner to challenge the constitutionality of his extradition). As the court in *Harden* explained:

> In the case of extradition, "[o]nce a fugitive has been brought within custody of the demanding state, legality of extradition is no longer proper subject of any legal attack by him." *Siegel v. Edwards*, 566 F.2d 958, 960 (5th Cir. 1978) (per curiam). Specifically, "a person forcibly abducted from one state without warrant or authority of law and placed in the demanding state's custody does not have a claim for release in habeas corpus." *Johnson v. Buie*, 312 F. Supp. 1349, 1351 (W.D. Mo. 1970) (*cited with approval in Siegel*, 566 F.2d at 960). "Once the fugitive is returned to the demanding state, the right to challenge extradition becomes moot: the fugitive is no longer being detained by the asylum state, and so, the legality of his or her detention there is no longer at issue." *Barton v. Norrod*, 106 F.3d 1289, 1298 (6th Cir. 1997).

*Id*. at 1299 (footnote omitted); *see also Frisbie v. Collins*, 342 U.S. 519, 522, 72 S. Ct. 509, 511-12, 96 L. Ed. 542 (1952) ("This Court has never departed from the rule announced in *Ker v. Illinois*, 119 U.S. 436, 444, 7 S. Ct. 225, 229, 30 L. Ed. 421 (1886), that the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a 'forcible abduction.'"). The legality of petitioner's extradition from Texas to Florida is no longer the proper subject of any legal attack by petitioner. Petitioner is not entitled to federal habeas relief on Ground One.

Ground Two      "Ineffective Assistance of Counsel – Conflicts of Interest. See Trial Record – Nelson Hearing, To Understand Agonizing Firing, Incompatibility With Defendant, And Defendant's Defense Directions, Caused Hostile Relationship, Prejuding Intersate [sic] Defendant, To Jail." (Doc. 1, p. 7).

The Court construes petitioner's claim as one that petitioner was denied his right to the effective assistance of trial counsel due to a conflict of interest (occasioned by counsel's personal conflicts with petitioner and counsel's pending application for employment with the State Attorney's Office), and that petitioner suffered prejudice in that counsel refused to subpoena petitioner's proposed defense witnesses (whom petitioner does not identify), failed to preserve trial court errors for appeal (which petitioner does not identify), failed to object to the State's attack on petitioner's character during opening and closing statements (comments which petitioner does not identify), and failed to object to prejudicial jury instructions (which petitioner does not identify).

Respondent asserts that petitioner is not entitled to federal habeas relief, because petitioner's claim is insufficiently pled and fails to state a claim upon which

federal habeas relief can be granted. (Doc. 56, pp. 22-23). Respondent further asserts that petitioner's claim is procedurally defaulted, because petitioner failed to present his ineffective assistance of counsel claims on direct appeal or in a postconviction motion. (*Id*., pp. 23-27).

Petitioner replies by arguing the merits of his claim. (Doc. 77, pp. 100-13). Petitioner seeks to expand the record "to include, new and state withheld, discovered evidence that documents the fact that petitioner was denied effective assistance of counsel due to a conflict of interest (occasioned by counsel's personal conflicts with petitioner and Counsil's [sic] pending application for employment with the state attorney' [sic] office)." (Doc. 78, p. 2).

Petitioner's ineffective assistance claim is procedurally defaulted. Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all available state court remedies for challenging his conviction, 28 U.S.C. § 2254(b)(1),[5] thereby giving the state the "'opportunity to pass upon and correct' alleged violations

---

[5]Section 2254 provides, in pertinent part:

(b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

    (A)  the applicant has exhausted the remedies available in the courts of the State; or

    (B) (i)  there is an absence of available State corrective process; or

        (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*quoting Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). The petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Picard*, 404 U.S. at 277-78. A claim that was not presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, i.e., procedurally barred from federal review. *O'Sullivan*, 526 U.S. at 839-40, 848, 119 S. Ct. 1728; *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999); *Chambers v. Thompson*, 150 F.3d 1324, 1326-27 (11th Cir. 1998) (holding that federal habeas courts should enforce applicable state procedural bars even as to claims that were never presented to the state courts).

A petitioner seeking to overcome a procedural default must show cause and prejudice, or a fundamental miscarriage of justice. *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993). "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (*quoting Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986)). The miscarriage of justice exception requires the petitioner to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no

reasonable juror would have convicted him." *Schlup*, 513 U.S. at 327. Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

*Id*.

Petitioner failed to exhaust his available state court remedies with regard to his ineffective assistance claim. Petitioner did not present an ineffective assistance claim in his direct appeal, and did not file a motion for postconviction under Florida Rule of Criminal Procedure 3.850. *See Smith v. State*, 998 So.2d 516, 522-23 (Fla. 2008) (explaining that in Florida, the proper vehicle for presenting an ineffective assistance of counsel claim is a postconviction motion filed under Florida Rule of Criminal Procedure 3.850). In Case Number 06-CF-4235, although petitioner complained about counsel's representation during a *Nelson* hearing, petitioner did not present his ineffective assistance claim on direct appeal or in a Rule 3.850 proceeding as required by Florida law. Petitioner is now barred by state procedural rules from returning to state court to present his ineffective assistance claim. *See* Fla. R. Crim. P. 3.850 (providing a two-year time limitation for filing a motion for postconviction relief). Further precluding petitioner's ability to challenge counsel's effectiveness in Case Number 06-CF-4235 is petitioner's waiver of his Sixth Amendment right to counsel in favor of self-representation.

Petitioner has made none of the requisite showings to excuse his procedural default, nor has he shown that his waiver of the right to counsel in Case Number 06-CF-4235 was involuntary or unintelligent. Petitioner's procedural default and waiver

bars federal habeas relief on Ground Two.

Ground Three      <u>"Abuse Of Discretion And Malitious [sic] Process. Court, S.A.
Or P.D. Deprived Interstate Detainee Of Def. Witnesses. Court
And/Or S.A. Refused Federal Due Process, UCEA, Speedy Trial
Laws. FL. Court Forfeited Any Right To Try Interstate Detainee,
Jurisdiction."</u> (Doc. 1, p. 7).

In this ground for relief, petitioner asserts: (1) that the prosecutor failed to
disclose evidence favorable to the defense until the day of trial (evidence which
petitioner does not identify), (2) that "the State" (i.e., the jail) denied petitioner access
to "applicable . . . laws", (3) that the prosecutor refused to meet with petitioner or
advise him of the specifics of the charges, (4) that the State Attorney "prosecuted a
civil complaint to collect money", (5) that a State's witness committed perjury and
(6) that the State subpoenaed witnesses for deposition after the speedy trial deadline
expired. Petitioner further asserts that the "Florida Aid Law" is unconstitutional.
(Doc. 1, p. 7).

Respondent asserts that petitioner is not entitled to federal habeas relief,
because petitioner's claim is insufficiently pled and fails to state a claim upon which
federal habeas relief can be granted. (Doc. 56, pp. 27-29). Respondent further asserts
that petitioner's claim is procedurally defaulted, because petitioner failed to present
any of these claims on direct appeal or in a postconviction motion. (*Id.*, pp. 30-32).
Respondent argues in the alternative that petitioner's allegations fail to state a
colorable claim that any Federal right was violated. (*Id.*, pp. 32-33).

Petitioner replies by arguing the merits of his claim. (Doc. 77, pp. 114-23).
Petitioner seeks to expand the record "to include, new and state withheld, discovered
evidence that documents the fact that petitioner was denied due process. . . ." (Doc.
78, pp. 2-3).

Even assuming petitioner presented to the state trial court (via his various *pro se* motions filed in Case Number 06-CF-4235) the issues he now raises, petitioner failed to fully exhaust his state court remedies with respect to these trial level claims because petitioner failed to present the issues to the appellate court on direct appeal. Petitioner's counsel on direct appeal filed an *Anders* brief and flagged one issue in the "Issues Presented" section of the brief: the trial court's denial of petitioner's counseled motion for judgment of acquittal in Case Number 06-CF-6297, where trial counsel argued that the facts did not support the verdict. (Doc. 60, Ex. V, p. 39). Appellate counsel asserted that the appellate court "should review the propriety of the trial court's rulings but they appear to be legal upon review by undersigned counsel." (*Id.*). Appellate counsel flagged no other issues or rulings. Although the Eleventh Circuit decided in an unpublished decision that an adjudication of a claim presented in an *Anders* brief can satisfy the exhaustion requirement, *see Jenkins v. Bullard*, 210 F. App'x 895, 898 (11th Cir. 2006), that case is distinguishable from the instant case, because in *Jenkins* appellate counsel's *Anders* brief expressly identified as possible issues the three trial level claims the petitioner raised in his federal habeas petition. Here, appellate counsel's *Anders* brief did not identify any of the issues petitioner now raises in Ground Three, much less argue that petitioner's federal constitutional rights were violated. Petitioner did not file a *pro se* brief pressing the claims. Petitioner's failure to raise adequately on direct appeal the trial level claims he now presents in Ground Three renders the issues procedurally defaulted on federal habeas review. Petitioner makes none of the requisite showings to excuse his default. Petitioner's procedural default bars federal habeas relief on Ground Three.

<u>Ground Four</u>       <u>FL. District Court of Appeal Procedures Unconstitutional. U.S. Constitution Guarantees Def. Counsel Through First Appeal. FL.</u>

Law Policies and/or Procedures, Prohibit Full and Fair Appeal.
Appeal P.D. Does Not Include Ineffective Assistance of
Counsel." (Doc. 1, p. 7).

The Court construes petition's claim as one that the First DCA's procedures
and policies denied petitioner due process on direct appeal. Petitioner appears to
complain that the record of his trial was incomplete and inadequate to provide for a
full and fair direct appeal, because his trial and appellate public defenders were
ineffective and the trial court and state attorney committed "abuses." Petitioner
identifies no policy, law, or rule of procedure that he is challenging, but instead
makes a general reference to the need for improvement in the performance of
Florida's public defenders. (Doc. 1, p. 7).

Respondent asserts that petitioner is not entitled to federal habeas relief,
because petitioner's claim is insufficiently pled and fails to state a claim upon which
federal habeas relief can be granted. (Doc. 56, pp. 34-35). Respondent further asserts
that petitioner's claim is procedurally defaulted, because petitioner failed to present
it to the state courts in his direct appeal or in a postconviction motion. (*Id*., pp. 35-
37). Respondent argues that to the extent petitioner challenges on due process
grounds Florida's procedure for raising claims of ineffective assistance of counsel,
petitioner fails to state a colorable due process violation because Florida law allows
certain ineffective assistance claims to be raised on direct appeal and those claims not
reviewable on direct appeal are reviewable in a postconviction proceeding brought
under Florida Rule of Criminal Procedure 3.850. (*Id*., pp. 38-40).

Petitioner replies by repeating his assertion that "[t]he 41st District Court of
Appeals procedures and policies deny Petitioner due process on direct appeal", and
further states that "the public defender can customize the record to cover U.S.

Constitutional and Federal Law violations. (Doc. 77, pp. 123-29). Petitioner seeks to expand the record "to include, new and state withheld, discovered evidence that documents the fact that the 41st District Court of Appeals procedures and policies deny petitioner due process on direct appeal." (Doc. 78, p. 3).

Respondent is correct that petitioner's claim is procedurally defaulted and without merit. Petitioner did not present this issue in his direct appeal or in any postconviction or collateral review proceeding. Petitioner's failure to fairly present his due process claim to the state courts renders the claim procedurally defaulted for federal habeas purposes. Petitioner makes none of the requisite showings to excuse his default. Petitioner's procedural default bars federal habeas relief on Ground Four. Even if not procedurally defaulted, petitioner's allegations fail to suggest how Florida's procedure for raising ineffective assistance of counsel claims deprived petitioner of due process. Petitioner is not entitled to federal habeas relief on Ground Four.

PETITIONER'S MOTION TO EXPAND THE RECORD

Petitioner seeks to expand the record to include "the entire record", that is, each and every document filed in petitioner's underlying criminal cases, and to include every document referenced in petitioner's habeas petition and reply. (Doc. 78). Petitioner's motion is accompanied by over one thousand pages of exhibits. Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts provides that the judge may expand the record to include additional material relevant to the petition. All of the material petitioner seeks to add relates to the merits of petitioner's claims. As the Court previously determined, petitioner is not entitled to merits review of any of his claims, as they are either procedurally defaulted or fail to

state a claim upon which federal habeas relief can be granted.  Expanding the record to include evidentiary support for petitioner's claims is not helpful to the resolution of this petition.

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted).  Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

The clerk shall change the docket to reflect that Michael D. Crews has been

substituted as the respondent in this cause.

And it is respectfully RECOMMENDED:

1.  That petitioner's motion to expand the record (doc. 78) be DENIED.

2.  That the petition for writ of habeas corpus (doc. 1), challenging the judgments of conviction and sentences in *State of Florida v. Charles A. Cross* in the Circuit Court for Escambia County, Florida, Case Numbers 06-CF-4235 and 06-CF-6297 be DENIED, and the Clerk be directed to close the file.

3.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 24th day of January, 2013.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).