IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHARLES A. CROSS,

        Petitioner,

v.                                         CASE NO. 5:10-cv-110-RS-CJK

MICHAEL D. CREWS,

        Respondent.
_____/

## ORDER

Before me are the Magistrate Judge's Order and Report and Recommendation (Doc. 79) and Petitioner's Objections and Brief (Doc. 80). I have spent considerable time reviewing the record and considering Petitioner's objections *de novo*. Petitioner continues to argue the merits of his claim that he is actually innocent, based mainly on alleged perjury by witnesses, ineffective assistance of counsel, and withholding of evidence by the State of Florida. The Magistrate Judge found that Petitioner's claims are procedurally barred because he failed to exhaust available state court remedies by either raising them on direct appeal or through Florida's post-conviction relief procedures. Petitioner contends that "[t]he Magistrate's ruling that the Plaintiff Charles Cross is some how (sic) responsible for the failure to exhaust issues is a far reach." Doc. 80 at 2. However, the circumstances which would excuse exhaustion of state remedies before pursuing a federal habeas petition are absent from this case. *See, e.g., Hollis v. Davis*, 941 F.2d 1471, 1475 (11th Cir. 1991) (holding that exhaustion of state remedies was

excused when state courts had not acted on numerous *pro se* attempts by a nearly illiterate defendant to challenge his conviction). Petitioner further contends that if his petition is inadequate, he should have been appointed counsel to assist him in the pursuit of habeas relief. However, appointment of counsel in civil cases is not a constitutional right, but is a privilege justified only by exceptional circumstances. *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990). No exceptional circumstances existed to justify appointment of counsel, which was properly denied. Doc. 11. Accordingly,

**IT IS ORDERED:**

1. The Magistrate Judge's Order and Report and Recommendation is approved and incorporated in this Order.

2. Petitioners's Petition for Writ of Habeas Corpus is **DENIED**.

3. Petitioner Charles Cross' Motion For a Rehearing on his Motion to Expand the Record (Doc. 81) is **DENIED**.

4. The certificate of appealability is **DENIED** because Petitioner failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c).

5. The Clerk is directed to close the file.

**ORDERED** on March 13, 2013.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**